UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOSHUA L. LYONS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF SOUTH DAKOTA, and TORI GORDON, in her official capacity,<br><br>　　　　　　　　Defendants. | 3:21-CV-03005-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915(E) SCREENING FOR DISMISSAL |

Plaintiff Joshua L. Lyons filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Lyons moves for leave to proceed in forma pauperis. Doc. 2.

I. **Motion for Leave to Proceed In Forma Pauperis**

Lyons moves for leave to proceed in forma pauperis. Doc. 2. Suits brought in forma pauperis require the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, at *1 (D.S.D. Aug. 2, 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(l). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); Babino v. Janssen & Son, 2017 WL 6813137, at *1 (D.S.D. Oct. 12, 2017). In light of the information Lyons has provided in his

financial affidavit, Doc. 2, this Court finds that he may proceed in forma pauperis. Because Lyons has been granted leave to proceed in forma pauperis, his complaint will be screened under 28 U.S.C. § 1915(e).

## II. 28 U.S.C. § 1915(e) Screening

### A. Factual Background

On February 29, 2020, Lyons was driving in South Dakota on Highway 90 near mile marker 337. Doc. 1 at 4. He claims that South Dakota Highway Patrol Trooper Tori Gordon performed an unlawful traffic stop. Id. He alleges that Trooper Gordon prolonged a traffic stop by twenty minutes and intimidated him into "handing over evidence[.]" Id. Trooper Gordon allegedly searched Lyons's car without probable cause or a warrant. Id. She and her associate allegedly seized over $400 of "medicine and property[.]" Id. Lyons asserts that Trooper Gordon was "plainly incompetent and knowingly" violated his constitutional rights. Id. at 5. He seeks $365,450 reimbursement for rental fees and the value of his seized property. Id. Lyons sues Trooper Gordon only in her official capacity. Id. at 2.

### B. Legal Background

When a plaintiff is granted in forma pauperis status, the court screens the complaint to determine whether it should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Martin-Trigona, 691 F.2d at 857; see also Lundahl, 2018 WL 3682503 at *1. Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982).

Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an

indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992). A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . ." Neitzke, 490 U.S. at 327 (1989) (citations and internal quotations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. A complaint must allege "more than labels and conclusions." Torti, 868 F.3d at 671 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### C. Legal Analysis

Lyons sues the State of South Dakota. Doc. 1 at 2. The Eleventh Amendment generally bars claims brought against a state, state agency, or state officials in their official capacities unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); see also Christensen v. Quinn, 45 F. Supp. 3d 1043, 1059 (D.S.D 2014). Congress must make its intention to abrogate the states' constitutionally secured immunity "unmistakably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985). 42 U.S.C. § 1983 did not abrogate immunity under the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 343 (1979); see also Larson v.

Kempker, 414 F.3d 936, 939 n.3 (8th Cir. 2005). Lyons's claim against the State of South Dakota is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Next, Lyons sues Tori Gordon only in her official capacity as a South Dakota Highway Patrol Trooper. Doc. 1 at 2. This Court cannot liberally construe that Lyons meant to sue Gordon in her personal capacity as it must be specifically alleged in a complaint. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the State itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009). Here, Lyons seeks monetary damages. Doc. 1 at 5. He does not seek injunctive relief. See id. Thus, Lyons has asserted a claim for money damages against the State of South Dakota. The State of South Dakota has not waived its sovereign immunity. Lyons cannot sue Gordon in her official capacity for money damages because she is protected by sovereign immunity. His claims against Gordon in her official capacity are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii).

### III.  Order

Accordingly, it is

ORDERED that Lyons's motion for leave to proceed in forma pauperis, Doc. 2, is granted. If is further

ORDERED that Lyons's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). It is finally

ORDERED that Lyons's motion to electronically file documents, Doc. 4, is denied as moot.

DATED March 26th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE
